**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

STEVEN JUSTO,

               Petitioner,

       v.

WARDEN,

               Respondent.

Civil Action No. 24-235 (KMW)

**OPINION**

**WILLIAMS**, District Judge:

This matter comes before the Court on the habeas petition filed by Petitioner Steven Justo pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed a response to the petition (ECF No. 8), to which Petitioner failed to reply. (ECF Docket Sheet.) For the following reasons, the petition is denied.

I.    **BACKGROUND**

On April 29, 2019, Petitioner was arrested on drug charges and entered into criminal proceedings in this District under Docket No. 19-3150. (*See* ECF No. 801 at 1.) Petitioner was released to home confinement on pretrial supervision the following day. (*Id.*) Petitioner was remanded into pretrial confinement on January 21, 2020. (*Id.*) He was thereafter indicted on drug charges in the Southern District of New York on March 12, 2020. (*Id.* at 2.) On October 22, 2020, Petitioner was sentenced in Docket No. 19-3150 to a sixty-month term of imprisonment for a violation of 21 U.S.C. § 846 arising out of a conspiracy to distribute cocaine. (*Id.*) On August 5,

2021, Petitioner was sentenced to a 120-month term of imprisonment in his SDNY criminal matter, which was ordered to run concurrent with the 60-month sentence imposed in this District.  (*Id.*)

During his sentencing before the SDNY, the sentencing judge observed that, based on his offense level and criminal history, Petitioner was faced with a suggested guidelines range of between 135 to 168 months' imprisonment, subject to a 120-month mandatory minimum.  (*See* ECF No. 1-1 at 5.)  Although the parties agreed not to seek a departure from the recommended range, the sentencing judge raised the issue of whether Petitioner was entitled to a departure under U.S.S.G. § 5G1.3(b), which mandates that a defendant currently serving a sentence for a related criminal charge receive credit towards his new sentence for time spent in prison for that related charge.  (*Id.* at 9.)  The sentencing judge noted that probation thought the appropriate amount of time was seventeen or eighteen months, while the parties suggested the appropriate adjustment would be between three and five months based on prior jail time credit Petitioner had already received for time spent in jail prior to his New Jersey conviction and their speculation that the BOP would not credit Petitioner for the period between his New Jersey and New York sentencings.  (*Id.* at 12.)  The sentencing judge, after noting the 135 to 168 month recommended range, sentenced Petitioner as follows:

> 120 months is a substantial sentence in my judgment, between whatever credit [Petitioner] is entitled to under 5G1.3 – whether that's four months or 18 months – and other mitigating circumstances that I'll mention in a moment, I think that is an appropriate sentence and that any longer sentence would be greater than necessary to serve the purposes of sentencing. . .  [a]nd I will impose it to run concurrently with the District of New Jersey sentence in accord with Section 5G1.3.

(*Id.* at 16-17.)

Following the New York sentence, the BOP determined that both sentences commenced on their respective sentencing dates, and determined that Petitioner's full prison term would be ten

years, nine months, and fourteen days, including both his sixty-month sentence from the New Jersey matter, and the five years, nine months, and fourteen months that will remain of Petitioner's ten-year New York sentence once the New Jersey sentence is complete.  (ECF No. 8-1 at 2-3.) Petitioner now contends that this calculation fails to provide Petitioner with credits under § 5G1.3 which Petitioner believes his sentencing judge intended him to receive.  (*See generally* ECF No. 1.)  Petitioner therefore requests that his sentence be reduced so that his total imprisonment term amounts to ten years, and thus suggests he should receive a sentence calculation reduction of approximately nine and a half months.  (*Id.* at 7-8.)

II.   **LEGAL STANDARD**

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

III.   **DISCUSSION**

In his habeas petition, Petitioner argues that his sentence calculation should be reduced by over nine months so that his total term is ten years, which he believes was the intention of his sentencing judge.  The calculation of a prisoner's federal sentence has been entrusted to the Attorney General, who has in turn delegated that authority to the BOP.  *See United States v. Wilson*, 503 U.S. 329, 333-35 (1992); 28 C.F.R. § 0.96.  The calculation of a prison term is a two-step process – the BOP determines the sentence's commencement date, and then provides credit towards that sentence for any prior custody which has yet to be attributed to another sentence.  *See*

*Alvarez v. Schultz*, No. 07-5316, 2008 WL 2684127, at *2 (D.N.J. July 1, 2008); *see also* 18 U.S.C. § 3585. Because sentences are statutorily defined as commencing when a prisoner is received into custody for transportation to serve his imposed sentence, *see* § 3585(a), the BOP has determined that "[i]n no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed." See BOP Program Statement 5880.28 § 3(b) at 1-13; *see also Rashid v. Quintana*, 372 F. App'x 260, 262 (3d Cir. 2010) (a "federal sentence [is] properly calculated as commencing on the date it was imposed"). Here, the BOP properly determined that Petitioner's New Jersey sentence commenced during his October 2020 sentencing and that his New York sentence commenced on the date of his sentencing – August 5, 2021. When the BOP thereafter aggregated those sentences as required by 18 U.S.C. § 3584(c), the BOP calculated that Petitioner's total sentence was 10 years, nine months, and fourteen days – effectively the ten-year mandatory minimum sentence imposed in his New York criminal matter, and the nine and a half months he spent in prison pursuant to his New Jersey sentence prior to his sentencing in New York. Because the BOP properly determined the start date of the New York sentence, and neither this Court nor the BOP have the authority to back date the start date of his New York conviction, this calculation appears entirely proper under the circumstances.

Petitioner now argues that this calculation improperly subjects him to more than ten years in prison on his concurrent New York term, and argues that this robs him of the New York judge's intent that he receive credits under § 5G1.3. Under § 5G1.3(b), where a defendant is already serving an undischarged term of imprisonment for an offense which constitutes related conduct for his current offense, the sentencing judge "shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons" and shall impose the current sentence concurrent to the prior, related offense. The

guideline thus provides the *sentencing court* with the authority to adjust a sentence to account for prior incarceration that the judge believes will not be credited by the BOP.  The guideline *does not* provide the BOP with any power or authority to modify an imposed term of imprisonment.

Petitioner argues that his New York sentencing judge intended him to receive some unspecified amount of additional credit towards his sentence and that the BOP should have calculated and provided Petitioner with more credit than he has received.   Petitioner's interpretation of the sentencing judge's intent, however, is not clearly correct.  During sentencing, the sentencing judge discussed § 5G1.3 and the agreement between the parties that Petitioner was likely entitled to a downward departure of between three and eighteen months for time spent in custody which the BOP would not credit him.  The judge thereafter substantially departed from the 135-month bottom of the recommended guidelines range and imposed a 120-month term of imprisonment, thus providing Petitioner with a fifteen-month downward departure to the statutory minimum sentence of 120 months.  In so doing, the judge credited this downward departure as being the result of "whatever credit" Petitioner was entitled to under § 5G1.3 and various other mitigating factors.  The sentencing judge also discussed with counsel whether he could backdate the conviction and agreed that he could not do so.

Thus, a natural reading of the sentence imposed is that the sentencing judge, understanding that Petitioner's sentence would commence that day and no earlier, reduced Petitioner's sentence by taking into account, among other things, the amount of credit Petitioner would not receive from the BOP for prior custody credit under 5G1.3(b).  Thus, this fifteen-month reduction appears to be the judge actually taking § 5G1.3(b) into account, and it does not appear that the sentencing judge intended any further reduction beyond that fifteen-month downward departure to the statutory mandatory minimum.  Consequently, it appears that Petitioner is mistaken that the BOP is not properly taking into account the sentence imposed by the sentencing judge and is calculating

Petitioner's sentence in accordance with the judge's intent that Petitioner receive a ten-year concurrent sentence which began on the date of its imposition. Moreover, the sentencing judge expressly noted that the "BOP makes a determination of essentially what date the sentence commences on, and the Court doesn't have authority to do that.". Therefore, in light of the sentencing judge's clear statements related to the respective role of the court and the BOP, this Court finds that Petitioner is not entitled to further credit, and his habeas petition is denied.

IV.    **CONCLUSION**

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DENIED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

*Karen M. Williams*
_____
Hon. Karen M. Williams,
United States District Judge